1  JEFFREY T. THOMAS, SBN 106409
     JThomas@gibsondunn.com
2  JEFFREY H. REEVES, SBN 156648
     JReeves@gibsondunn.com
3  JOSHUA A. JESSEN, SBN 222831
     JJessen@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
5  3161 Michelson Drive
   Irvine, California 92612-4412
6  Telephone: (949) 451-3800
7  Facsimile: (949) 451-4220

8  Attorneys for Non-Party SPECIFIC
9  MEDIA, INC.

ORIGINAL

FILED 2010 NOV 18 PM 2:11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE QUANTCAST ADVERTISING COOKIE LITIGATION | Case No. 2:10-CV-05484 GW<br><br>**NON-PARTY SPECIFIC MEDIA, INC.'S OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASES**<br><br>[Local Rule 83-1.3.2]<br><br>Honorable George H. Wu |

Pursuant to Local Rule 83-1.3.2, Non-Party Specific Media, Inc. (misidentified in the Complaint filed in Case No. SACV 10-01256 (Hon. James V. Selna) as a Delaware Corporation, but in fact a California corporation headquartered in Orange County, California) respectfully submits the following Opposition To Plaintiffs' Notice of Related Cases ("Notice"), which Plaintiffs' counsel filed on November 16,

2010 in Case No. SACV 10-01256 pending before the Honorable James V. Selna (hereinafter "the Specific Media action") and the following three cases (hereinafter "Unrelated Party actions") pending before the Honorable George H. Wu:

- *In re Quantcast Advertising Cookie Litigation*, Case No. 2:10-CV-05484-GW;
- *In re Clearspring Flash Cookie Litigation*, Case No. 2:10-CV-05948-GW; and
- *Davis, et al., v. VideoEgg, Inc.*, Case No. 2:10-CV-07112-GW.

Three months after filing the Specific Media action, Plaintiffs' counsel now seek to relate the Specific Media action – a discrete case naming a single defendant headquartered in Orange County – to three cases filed by the same group of plaintiffs' lawyers several months before the Notice and *before* the Specific Media action on behalf of *different plaintiffs* and against almost twenty *different defendants* that are wholly unrelated to Specific Media.[1] The Court should deny Plaintiffs' counsel's attempted and unsupported "related case" transfer. There is no allegation in *any of the lawsuits* that Specific Media acted together or colluded in any way with any of the defendants in any of the other cases, nor is there any overlap among the parties to the Specific Media action and the parties to the Unrelated Party actions. Thus, the underlying events, transactions, and conduct at issue in the Specific Media action are wholly different from, and independent of, the events, transactions, and conduct at

---

[1] The plaintiffs in the Unrelated Party actions are Edward Valdez; Alan Bonebrake; Byron Griffith; Mary Huebner; Jose Marquez; Brittany Sanchez; Gerardo Valdez; Austin Muhs; Kayla Valdez; Jennifer Aguirre; Alejandro Godoy; Brian White; R.H., a minor, by and through her parent, Jeff Hall; A.A., a minor, by and through her parent, Jose Aguirre; J.H., a minor, by and through his parent, Jeff Hall; Kira Miles; Toni Miles; Terrie J. Moore; Erica Intzekostas; David Rona; Timothy Davis; Jessica Fishbein; Jeff Hall; Amanda Spear. The defendants in the Unrelated Party actions are: Quantcast Corp.; MySpace, Inc.; American Broadcasting Cos.; ESPN; Hulu; Jibjab Media; MTV Networks; NBC Universal; Scribd, Inc.; Clearspring Technologies; Walt Disney Internet Group; Demand Media, Inc.; Project Playlist, Inc.; Soapnet, LLC; Sodahead, Inc.; Ustream, Inc.; Warner Bros. Records; Inc.; Fox Entertainment Group; and VideoEgg, Inc.

issue in the Unrelated Party actions. And Plaintiffs' counsel cannot overcome this fact by baldly asserting –without a scintilla of evidentiary support – that the Specific Media action is related to the Unrelated Party actions merely because each of the cases is a putative class action in which *different* plaintiffs allege similar "statutory violations and fraudulent and unfair business practices" against *different* defendants alleged to have used "Flash cookies" for allegedly improper purposes. Notice at 2-3. Indeed, relating the Specific Media action to the Unrelated Party actions would be entirely unfounded, given that *none* of the factors for establishing a related case under Local Rule 83-1.3.1 is present here.

*First*, none of the claims asserted in the Specific Media action "arise from the same or a closely related transaction, happening or event" in any of the Unrelated Party actions. L.R. 83-1.3.1(a). To the contrary, Plaintiffs' counsel have alleged in each of these cases that *different* defendants installed *different* "Flash cookies" on *different* internet users' computers through *different* websites. Accordingly, the factual determinations in the Specific Media action necessarily will be specific to the facts of that case, and will in no way overlap with the separate "transaction[s], happening[s] or event[s]" at issue in the Unrelated Party actions. For example, if the Complaint in the Specific Media action survives a motion to dismiss (and Specific Media does not believe it can), a trier of fact ultimately may have to make the following factual determinations, each of which would be completely independent of, and would not hinge in any way on, any actions the defendants in the Unrelated Party actions took or did not take:

- Whether Specific Media uses Flash cookies (it does not), and if so, in what way (*see* Complaint, ¶ 1);
- The identity of Specific Media's affiliates and related websites, which the Complaint defines as "SpecificClick Flash Cookie Affiliates" (*id.*, ¶¶ 1-2);

- The precise activities of the named plaintiffs and putative class members in the Specific Media action (the "Specific Media Plaintiffs and Putative Class") on Specific Media's affiliates' websites (*see id.*, ¶ 3);
- The specific terms and conditions and privacy policies applicable to Specific Media's affiliates' websites (*see id.*, ¶¶ 2, 33-48);
- The precise scope of any "personal identifying information" allegedly obtained through any use of Flash cookies from the Specific Media Plaintiffs and Putative Class (*id.*, ¶¶ 7-8);[2]
- The members of the putative class, which hinge on facts unique to Specific Media – *e.g.*, the universe of persons who (1) "accessed" a Specific Media-affiliated website, and (2) had a Specific Media Flash cookie set on their computer "for the purposes of restoring" browser cookies later (*see id.*, ¶¶ 3, 5, 16-21);
- The browser settings and Flash cookie preferences established by each of the Specific Media Plaintiffs and Putative Class members in the case (*see, e.g., id.*, ¶¶ 3, 67-68, 82);
- The extent to which each of the Specific Media Plaintiffs and Putative Class members downloaded Flash players or engaged in other activities resulting in the authorized creation of Flash cookies (*see id.*, ¶ 5); and
- The extent to which each of the Specific Media Plaintiffs and Putative Class members were damaged (if at all) by alleged Specific Media Flash cookies that purportedly were used to respawn browser cookies (*see id.*, ¶¶ 87-117).

**Each of these factual determinations has no overlap at all with any of the factual determinations that may be made in the Unrelated Party actions.**

---

[2] In fact, Specific Media does not collect or maintain any "personal identifying information."

***Second***, Plaintiffs' counsel are incorrect that the Specific Media action "call[s] for determination of the same or substantially related or similar questions of law . . . ." Notice at 2; L.R. 83-1.3.1(b). Assuming Plaintiffs' Complaint survives a motion to dismiss, the legal issues in the Specific Media action – as in the separate Unrelated Party actions – will hinge on specific facts unique to each case. For example, the Specific Media Plaintiffs' allegations that Specific Media violated the Computer Fraud and Abuse Act and California's Computer Crime Law involve legal determinations concerning: (1) whether Specific Media accessed the computers of each of the Specific Media Plaintiffs and Putative Class Members; (2) Specific Media's intent; (3) whether any access by Specific Media to these computers was authorized (including under the terms and conditions and privacy policies specific to the Specific Media affiliates' websites accessed by the Specific Media Plaintiffs); and (4) whether "as a result of [Specific Media's alleged] conduct," the Specific Media Plaintiffs and Putative Class members sustained "damage and loss" (and if so, whether such damage and loss "aggregat[ed] at least $5,000 in value"). *See* 18 U.S.C. § 1030(a)-(c); California Penal Code § 502(b). Separately, the Specific Media Plaintiffs' claims against Specific Media under California's Business and Professions Code Section 17200 require a finding that *Specific Media* (not the defendants in the Unrelated Party actions) engaged in conduct that was "unlawful, unfair or fraudulent." Cal. Bus. & Prof. Code § 17200. **In short, to the extent that the Specific Media Plaintiffs have stated a claim in the Specific Media action at all (and they have not), the legal determinations to be made in that action will be inextricably intertwined with the specific facts unique to Specific Media – and in no way overlap with the separate legal determinations in the Unrelated Party actions.**

At bottom, Plaintiffs' Notice asks the Court to relate the Specific Media action to the Unrelated Party actions because different plaintiffs make the same or similar claims against *different and non-overlapping defendants*. But the fact that two or more entities in different cases are accused of violating the same laws or engaging in

similar types of conduct plainly does not satisfy the standard for demonstrating that the cases are "related." *See* L.R. 83-1.3.1. For example, a lawsuit by a plaintiff against a defendant for negligence stemming from an automobile accident is not related to another lawsuit filed by a different plaintiff for another automobile accident occurring a week later and involving a different defendant, even if the plaintiffs (as here) are represented by the same law firm. L.R. 83-1.3.1 Nor is it the case that all lawsuits involving similar causes of action against defendants in the same general industry (such as "online advertising and web analytics companies" (Notice at 3)) are considered related, any more than separate product liability actions against different car manufacturers relating to a similar alleged defect would be deemed related or heard by the same judge. Here, it would only confuse matters to lump Specific Media together with close to twenty other defendants in different lawsuits involving wholly different facts and legal issues, particularly where those defendants are not alleged to have acted together with Specific Media in any way.

In similar cases, where plaintiffs have attempted to relate cases against different defendants based upon similar – but separate – conduct, courts in this District have not hesitated to deny "related case" status and transfer. *See, e.g.*, Exh. A (6-2-06 Orders from Judge Schiavelli (Ret.)) ("These cases are not related. The low number case . . . stems from allegations that [Defendant 1] engaged in various anticompetitive practices . . . . [The high number] case alleges similar practices committed by [Defendant 2]. Thus, the cases involve different defendants and will turn on different questions of law and fact.").

***Third***, there would be no "substantial duplication of labor" if the Specific Media action and Unrelated Party actions are heard by different judges, as Plaintiffs' counsel assert without any explanation. L.R. 83-1.3.1(c). As demonstrated above, there are no overlapping legal or factual issues in the Specific Media action and Unrelated Party actions. Moreover, the Unrelated Party actions have been pending for several months, and the parties already have engaged in "considerable discussion[s]"

and activity in those actions. *See, e.g.,* Case No. 2:10-CV-05484, Docket No. 30. Whereas the parties in the Unrelated Party actions appear to have engaged in meet and confer discussions and possibly discovery exchanges – and will be participating in a case management conference before Judge Wu on December 2, 2010 – the Specific Media Plaintiffs have not even served the Complaint in the Specific Media action (even though they filed the Complaint three months ago). Moreover, the parties in the Unrelated Party actions appear to have been actively engaged in settlement discussions. *See id.*[3] By contrast, Specific Media first spoke with counsel for the Specific Media Plaintiffs late last week, and Specific Media has indicated that it intends to move to dismiss the Complaint filed in the Specific Media action.

The consolidation of the *Quantcast Advertising Cookie Litigation* and the *Clearspring Flash Cookie Litigation* does not support relating the wholly distinct Specific Media action to these cases. The *Quantcast* and *Clearspring* cases resulted from consolidations of multiple cases (a total of six) that named either Quantcast or Clearspring as a defendant. Although it was appropriate for those cases to be consolidated before the same judge since each involved the same claims against the *same defendants and their publisher clients*, no efficiencies are gained by lumping the sole Specific Media action into that group, especially where Specific Media is not stipulating to such combined treatment. And with respect to the third and final Non-Specific Media action, *Davis v. VideoEgg*, defendant VideoEgg has filed a Motion to Transfer Venue to the Northern District of California (Document No. 12, Case No. 2:10-CV-07112), such that the *VideoEgg* case also may not be before the Court much longer.

---

[3] Of course, should any of the parties in the Unrelated Party actions reach a settlement, the administration of notice to the putative class members in the Unrelated Party actions and this Court's evaluation of the settlement terms under Fed. Rule Civ. P. 23(e) necessarily would be unique for each of the settling parties.

*Finally*, in addition to each of the foregoing reasons (which provide more than an adequate basis for the Court to deny a "related case" transfer), the Court should deny a transfer here because the Notice is entirely untimely. L.R. 83-1.3.1 provides in no uncertain terms that plaintiffs' counsel are required to file a notice of related cases **"[a]t the time a civil action . . . is filed, or as soon as known thereafter[.]"** L.R. 83-1.3.1 (emphasis added). Here, Plaintiffs' counsel filed the Notice seeking to relate the Specific Media case three months *after* they filed suit against Specific Media on August 19, 2010 – and *more than three months after* filing the initial Unrelated Party actions. *Compare Valdez v. Quantcast* (filed 7-23-10), *Aguirre v. Quantcast* (filed 7-30-10), and *White v. Clearspring* (filed 8-10-10) *with* the Specific Media Action (filed 8-19-10). During that three-month time period, Specific Media retained Orange County counsel (specifically, attorneys from Gibson, Dunn, & Crutcher's Orange County office) based upon the expectation that the case would proceed in Orange County. Specific Media would be unfairly prejudiced if this case were now to be transferred to Los Angeles. Plaintiffs' counsel have advanced no good reason – and there is none – why they filed their Notice **three months late**, and a transfer (even if it would otherwise be proper, which it would not) should be denied on those grounds alone.

For each of the foregoing reasons, Specific Media respectfully requests that the Court deny Plaintiffs' request for a "related case" transfer and leave the Specific Media action pending before Judge Selna.

Dated: November 18, 2010

JEFFREY T. THOMAS
JEFFREY H. REEVES
JOSHUA A. JESSEN
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jeff Reeves
       Jeffrey H. Reeves

Attorneys for Non-Party SPECIFIC MEDIA, INC.

# EXHIBIT A

**ORIGINAL** [X]

FILED
CLERK, U S DISTRICT COURT
JUN - 2 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TSR Records, Inc. | CASE NUMBER: |
|---|---|
| Plaintiff(s), | MMM<br>CV 06-1853 ~~ABC~~ (MANx) |
| v. | |
| Warner Music Group Corp | ORDER RE TRANSFER PURSUANT<br>TO GENERAL ORDER 224<br>( Related Cases) |
| Defendant(s). | |

## TRANSFER ORDER ~~CONSENT~~

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 224.

## DECLINED

_____    George P. Schiavelli
Date                                United States District Judge

## DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:
CV-06-1853 ABC (MANx):  These cases are not related.  The low-number case, CV-05-7479 GPS (RCx) stems from allegations that Sony BMG Music engaged in various anti-competitive practices aimed at securing radio airplay for its artists.  Case CV-06-1853 alleges similar practices committed by Warner Music Group. Thus, the cases involve different defendants and will turn on different questions of law and fact..

May 31, 2006                    _____ / George P. Schiavelli
Date                             United States District Judge

## REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case ____CV 05-7479 GPS (RCx)____ and the present case:

- [X] A.  Arise from the same or closely related transactions, happenings or events; or
- [X] B.  Call for determination of the same or substantially related or similar questions of law and fact; or
- [X] C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

## NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge_____ to Magistrate Judge_____.

On all documents subsequently filed in this case, please substitute the initials _____-_____ after the case number in place of the initials of the prior judge, so that the case number will read ___-____-_____. This is very important because documents are routed to the assigned judges by means of these initials. The assigned judge may seal documents, exhibits, docket, transcripts or depositions may be viewed at the [X] Western  [ ] Southern  [ ] Eastern Division.

Subsequent documents must be filed at the  [X] Western  [ ] Southern  [ ] Eastern Division.
Failure to file at the proper location will result in your documents being returned to you.

CV-34 (07/05)    ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 ( Related Cases)

(16)

APR - 4 2006                              ENTERED ON CM 6/2/06

**ORIGINAL** (X)

FILED
CLERK, U S DISTRICT COURT

JUN - 2 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Radikal Records, Inc. | CASE NUMBER: |
|---|---|
| Plaintiff(s), | CV 06-1713 MMM (JWJx) |
| v. | |
| Warner Music Group Corporation | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 ( Related Cases) |
| Defendant(s). | |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 224.

**TRANSFER ORDER DECLINED**

_____      George P. Schiavelli
Date                                      United States District Judge

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:
CV-06-1713 MMM (JWJx): These cases are not related. The low-number case, CV-05-7479 GPS (RCx) stems from allegations that Sony BMG Music engaged in various anti-competitive practices aimed at securing radio airplay for its artists. Case CV-06-1713 alleges similar practices committed by Warner Music Group. Thus, the cases involve different defendants and will turn on different questions of law and fact.

May 31, 2006                    /s/ George P. Schiavelli
Date                             United States District Judge / George P. Schiavelli

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____CV 05-7479 GPS (RCx)_____ and the present case:

☒ A. Arise from the same or closely related transactions, happenings or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ to Magistrate Judge _____.

**TRANSFER ORDER DECLINED**

On all documents subsequently filed in this case, please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _____. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☒ Western ☐ Southern ☐ Eastern Division.

Subsequent documents must be filed at the ☒ Western ☐ Southern ☐ Eastern Division.
Failure to file at the proper location will result in your documents being returned to you.

CV-34 (07/05)      ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 ( Related Cases)

MAR 29 2006                                 ENTERED ON CM 6/2/06

# CERTIFICATE OF SERVICE

I, Patti L. McLean, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412, in said County and State. On November 18, 2010, I served the following document(s):

- **NON-PARTY SPECIFIC MEDIA, INC.'S OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASES**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| Azita Moradmand<br>David C. Parisi<br>Parisi & Havens LLP<br>15233 Valleyheart Drive<br>Sherman Oaks, CA 91403 | Attorneys for:<br>Plaintiffs Edward Valdez, Alan Bonebrake, Byron Griffith, Mary Huebner, Jose Marquez, Brittany Sanchez, Gerardo Valdez, Austin Muhs, Kayla Valdez |
| Joseph H. Malley<br>Law Offices of Joseph H. Malley<br>1045 North Zang Blvd.<br>Dallas, Texas 75208 | Attorneys for:<br>Plaintiffs Edward Valdez, Alan Bonebrake, Byron Griffith, Mary Huebner, Jose Marquez, Brittany Sanchez, Gerardo Valdez, Austin Muhs, Kayla Valdez |
| Joseph Charles Gratz<br>Michael H. Page<br>Durie Tangri LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111 | Attorneys for:<br>Defendant Quantcast Corporation |
| Eric W. Hagen<br>McDermott Will and Emery<br>2049 Century Park East, 38th Floor<br>Los Angeles, CA 90067-3218 | Attorneys for:<br>Defendants MySpace, Inc., American Broadcasting Companies, Inc., ESPN, Inc., Hulu, LLC, JIBJAB Media, Inc., MTV Networks, Inc., NBC Universal, Inc., Scibd, Inc., |
| Jeffrey S. Jacobson<br>Debevoise & Plimpton LLP<br>919 Third Avenie<br>New York, N.Y. 10022 | Attorneys for:<br>Defendants MySpace, Inc., American Broadcasting Companies, Inc., ESPN, Inc., Hulu, LLC, JIBJAB Media, Inc., MTV Networks, Inc., NBC Universal, Inc., Scibd, Inc., |

Gibson, Dunn & Crutcher LLP

9

| Brian Gregory Mendonca<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Attorneys for:<br>Scibd, Inc. |
|---|---|

**X**   **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FAX:** From fax number (949) 451-4220, I caused each such document to be transmitted by fax machine, to the parties and numbers indicated above, under California Rules of Court, Rule 2.306. The fax machine that I used complied with Rule 2.301 and no error was reported by the machine. Under Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

☐   **BY UPS NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

**X**   I am employed in the office of Jeffrey H. Reeves, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☐   **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**X**   **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2010.

*/s/ Patti L. McLean*
Patti L. McLean