SCOTT A. KAMBER (admitted *pro hac vice*)
*skamber@kamberlaw.com*
DAVID A. STAMPLEY (admitted *pro hac vice*)
*dstampley@kamberlaw.com*
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

Interim Class Counsel

DAVID C. PARISI (SBN 162248)
*dcparisi@parisihavens.com*
SUZANNE HAVENS BECKMAN (SBN 188814)
*shavens@parisihavens.com*
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re QUANTCAST ADVERTISING COOKIE LITIGATION and | No. 2:10-cv-05484-GW-JCG |
| In Re CLEARSPRING FLASH COOKIE LITIGATION | No. 2:10-cv-05948-GW-JCG |
| | [Assigned to the Hon. George H. Wu] |
| | **DECLARATION OF DAVID A. STAMPLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |
| | Date:      December 16, 2010
Location: Courtroom 10
                312 N. Spring Street
                Los Angeles, CA 90012
Time:      8:30 a.m. |

# DECLARATION OF DAVID A. STAMPLEY

I, David A. Stampley, declare as follows:

1. I am one of plaintiffs' counsel in the above-captioned litigation. I make this declaration in support of plaintiffs' motion for final approval of the settlement and for approval of their application for fees and expenses. I have actively participated in all aspects of this litigation, including negotiation of the settlement, and am fully familiar with the proceedings in the matter in which resolution is sought by the parties. If called upon, I am competent to testify that the following facts are true and correct to the best of my knowledge, information, and belief.

2. I represent that the disclosures contained herein relating to mediation and negotiation between the parties are with the consent of Michael Rhodes of Cooley LLP, Michael Page of Durie Tangri LLP, Jeffrey Jacobson of Debevoise & Plimpton LLP, and Ian Ballon of Greenberg Traurig LLP and are not violative of any settlement or mediation privilege.

3. For over nine months prior to the filing of the complaint in this matter, I and my co-counsel worked closely with co-counsel Joseph H. Malley and certain class representatives, investigating facts and developing legal theories contained in the complaint. This pre-complaint effort occupied hundreds of hours of attorney and client time as well as consultations with certain nonlegal experts. This case impacted millions of class members and dealt with highly technical processes by which information obtained by tracking class members on the web was shared among website owners and their online service-providers. These processes required significant business and legal research and technical expert investigation to understand the mechanisms by which Defendants acquired, correlated, and shared class members' information and the mechanisms and policies by which Defendants provided, or could have provided, disclosures of their practices to affected class members. I believe that this understanding allowed us to plead this case with the detail and accura-

cy that motivated rather early settlement negotiations between the parties. Based on my experience, I believe that the promptness of relief is an absolutely critical feature in addressing resolution of Internet usage issues that involve injunctive relief. Our research, confirmed through the settlement process, is that there are millions of class members and that numerosity is satisfied.

4.     Beginning on July 23, 2010, the plaintiffs in these matters began filing complaints on their own behalf and on behalf of a purported class of all persons who used any browsing program on any device to access one or more Internet sites controlled, operated or sponsored by Defendants employing Clearspring or Quantcast's technologies involving the use of HTTP "cookies" or local shared objects stored in Adobe Flash Media local storage (LSOs). Plaintiffs alleged that the defendants failed to provide them proper and adequate notice regarding transmissions of information about them, failed to obtain their consent for such transmissions, and engaged in actions that violated the Electronic Communications Privacy Act ("ECPA"), the Video Privacy Protection Act ("VPPA"), the Computer Fraud and Abuse Act ("CFAA"), the California Consumer Legal Remedies Act ("CLRA"), and the California Computer Crime Law ("CCCL"), California's Invasion of Privacy Act, the California Unfair Competition Law, the California Uniform Trade Secrets Act and Unjust Enrichment.

5.     At all times, all Defendants have denied and continue to deny that they have engaged in any wrongdoing or committed, threatened to commit, or attempted to commit any wrongdoing of any kind, including that alleged in the complaint in this matter. Defendants contend that they have acted properly and therefore deny that the plaintiffs and putative class are entitled to any form of damages based on the conduct alleged in the Complaint. Defendants have maintained and continue to maintain that they have meritorious defenses to all claims alleged in the Complaint

and that Defendants were and are prepared to vigorously defend against all claims asserted in this litigation.

6. Beginning in October 2010, representatives of Plaintiffs and Defendants initiated a series of settlement discussions, agreeing to private and confidential mediation of the matter and engaged in substantive, arms-length negotiations.

    a. On October 19, 2010, a mediation was conducted by mediator Rodney A. Max of Upchurch Watson White & Max Mediation Group in the offices of Cooley LLP in San Francisco, California. Scott A. Kamber led the Plaintiffs' negotiating team, which included Joseph Malley of the Law Office of Joseph H. Malley, David C. Parisi of Parisi & Havens LLP, and me. Clearspring Technologies was represented by Michael Rhodes of Cooley LLP, Quantcast Corporation was represented by Michael Page of Durie Tangri LLP, and the Affiliated Internet sites were represented by Jeffrey Jacobson of Debevoise & Plimpton LLP. With the assistance of Mr. Max, Plaintiffs' counsel met with Defendants' representatives and throughout the day and participants met unilaterally with Mr. Max. After a full day of mediation, the parties to the mediation agreed on all substantive relief and memorialized their mutual understanding in document outlining the principal terms of settlement.

    b. At no point prior to reaching agreement on the substantive terms of settlement did the parties discuss the amount of any incentive fees or payments to class counsel. This took place for the first time at the end of the mediation and immediately prior to the memorialization of terms set forth above.

    c. In the following weeks, Mr. Kamber and I personally negotiated with Mr. Rhodes of Cooley and Mr. Page of Durie Tangri to flesh out the settlement framework and implementation. The parties continued to negotiate, exchange information regarding settlement details, and examine creative approaches to potential injunctive relief compatible with Defendants' business models.

      d.    Having reached full agreement on terms and conditions of a settlement, the parties now seek the Court's preliminary approval.

7.    I have participated directly in the mediation and negotiation efforts and the petition for preliminary approval of the proposed settlement now before this Court. Throughout our mediation and negotiation efforts and in advising our clients of the proposed settlement, plaintiffs' counsel has at all times considered the fairness, reasonableness, and adequacy of the settlement for the class, taking into account: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of any further litigation; the risk of certifying a class and then maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the experience and views of plaintiffs' counsel. Against the backdrop of counsels' collective experience in prosecuting complex class actions, co-counsel and I have considered the claims set forth in the complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation. Taking these factors into account, it is my opinion that the proposed settlement is fair, reasonable, and adequate, well within the range of possible approval, and therefore deserving of the Court's preliminary approval.

8.    A true and correct copy of the proposed settlement agreement entered into by the parties in this matter is attached as Exhibit A.

9.    Proposed class counsel possesses extensive experience in prosecuting class actions and other complex litigation. A copy of the firm resume of KamberLaw, LLC is attached as Exhibit B.

10.    Further, proposed class counsel have diligently investigated and prosecuted this matter, dedicating substantial resources to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter

to the benefit of the class.

11. I declare under penalty perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 3, 2010 at New York, New York.

                ___s/David A. Stampley_____
                    David A. Stampley