# IMPORTANT COURT-ORDERED NOTICE—PLEASE READ

**THIS NOTICE SUMMARIZES THE TERMS OF A PROPOSED CLASS ACTION SETTLEMENT UNDER WHICH YOU MAY HAVE CERTAIN LEGAL RIGHTS.**

**SUBJECT:** Notice of Pendency of Class Actions and Proposed Settlement in the U.S. District Court, Central District Of California—*In Re Quantcast Advertising Cookie Litigation*, Case No. 2:10-cv-05484-GW-JCG; *In Re Clearspring Flash Cookie Litigation*, Case No. 2:10-cv-05948-GW-JCG and *Davis, et al. v. VideoEgg, Inc.*, Case No. 2:10-cv-07112-GW-JCG.

**DATE:** February __, 2011

**Introduction** .................................................................................................... 1
**The Lawsuits** .................................................................................................... 2
    A. What Is a Class Action? ........................................................................ 2
    B. What Lawsuits and Parties Are Related to This Settlement? .......................... 2
    C. What Are the Lawsuits About? ............................................................... 3
**Class Membership** ............................................................................................. 4
    A. Who Is in the Class? ............................................................................. 4
    B. How Do I Know if I Am a Class Member? ............................................... 4
**The Settlement** .................................................................................................. 5
    A. What Does the Settlement Accomplish for the Class? ................................. 5
    B. What Do the Defendants Obtain from the Settlement? ................................ 7
**Class Members' Options** ................................................................................... 7
    A. What Do I Give Up by Participating in the Settlement? ............................... 7
    B. Who Represents Me and How Are They Paid? ........................................... 8
    C. What if I Do Not Want to Participate in the Settlement? .............................. 8
    D. How Can I Comment in Support of or in Opposition to the Settlement? ......... 9
    E. Can I Attend the Settlement Hearing? Do I Have to Attend? ........................ 9
**For Other Details about the Settlement** .............................................................. 10
**COURT ORDER FOR PUBLICATION OF THIS NOTICE** .............................................. 10

# INTRODUCTION

This Notice of Pendency of Class Actions and Proposed Settlement (the "Notice") provides information about a settlement proposed by the plaintiffs and the defendants (the "Parties") in several related class action lawsuits (the "Lawsuits") pending in the United States District Court for the Central District of California (the "Court"). Three lawsuits were consolidated into a single action against Quantcast and several owners or sponsors of consumer-facing websites identified

below, three lawsuits were consolidated into a single action against Clearspring and several owners or sponsors of consumer-facing websites identified below, and a single action was brought against VideoEgg. The defendants in the Quantcast and Clearspring consolidated actions negotiated a single Stipulation and Agreement of Settlement, and VideoEgg negotiated a separate Stipulation and Agreement of Settlement.  The two documents, referred to together herein as the "Settlement," have been submitted to the Court for review and approval. The Settlement would resolve the Lawsuits before the Court takes a position on which side is right.  As part of the review process, the Court has ordered that this Notice be issued to provide information to persons whose legal rights would be affected if the Court approves the Settlement. This Notice summarizes what claims are at issue in the Lawsuits, who is a member of the class covered by the Settlement (a "Class Member"), and how the Settlement, if approved, would affect Class Members' legal rights.

If the Court approves the Settlement, two of the defendants, Quantcast and Clearspring, will pay a total of $2.4 million and a third defendant, VideoEgg will pay $825,000.  This money will not be paid to Class Members.  Most of it will be donated to non-profit groups in order to advance the interests of Class Members' and other consumers' online privacy.  Of the $3,225,000 total payment, no more than 25% ($806,250) will go to the attorneys representing the class ("Class Counsel") as a fee and reimbursement for their costs.  Each of the ten people who brought the Lawsuits and who will serve as representatives of the class (the "Named Plaintiffs") will receive up to $1,500 each.  Some of the money will be spent providing notice to Class Members and administering the settlement.  The rest, nearly two-thirds of the total, will be donated to several non-profit organizations as detailed below.

# THE LAWSUITS

## A.  What Is a Class Action?

In a class action, one or more Named Plaintiffs sue on behalf of a larger number of people whom they believe have similar claims.  Each person who is part of a class is called a Class Member. Once the Court has determined that all Class Members have similar claims, the Court can resolve those claims for all Class Members at the same time.

## B.  What Lawsuits and Parties Are Related to This Settlement?

The Named Plaintiffs filed several lawsuits against different defendants.  The Court consolidated those lawsuits into two related consolidated actions.  A third case was found to be related by the Court.  This settlement would resolve all of these actions.  They are:

- *In Re Quantcast Advertising Cookie Litigation*, Case No. 2:10-cv-05484-GW-JCG
- *In Re Clearspring Flash Cookie Litigation*, Case No. 2:10-cv-05948-GW-JCG
- *Davis, et al. v. VideoEgg, Inc.*, Case No. 2:10-cv-07112-GW-JCG

The two defendants named in the captions of the consolidated cases, Quantcast Corporation ("Quantcast") and Clearspring Technologies, Inc. ("Clearspring"), and the defendant in the third related case, VideoEgg, Inc. ("VideoEgg") deliver advertisements through web browsers and analyze traffic to websites, including websites operated by the other defendants.

The other defendants in the Lawsuits are the owners or sponsors of consumer-facing websites the Named Plaintiffs claim to have visited, which the Named Plaintiffs claim did business with Quantcast and/or Clearspring. These defendants are:

> American Broadcasting Companies, Inc.; Demand Media, Inc.;
> ESPN, Inc.; Fox Entertainment Group, Inc.; Hulu, LLC; JibJab Media, Inc.;
> MTV Networks; MySpace, Inc.; NBC Universal, Inc.; Scribd, Inc.;
> Soapnet, LLC; Walt Disney Internet Group; and Warner Bros. Records, Inc.

Some of these defendants' parent companies also have elected to participate in the Settlement. Those participating parent companies are:

> News Corporation, an affiliate and the ultimate parent of
> Fox Entertainment Group, Inc. and MySpace, Inc.

> Viacom Inc., of which MTV Networks is a division of a subsidiary,
> Viacom International Inc.

> The Walt Disney Company, of which American Broadcasting Companies, Inc.,
> ESPN, Inc., Soapnet, LLC and Walt Disney Internet Group are subsidiaries

> Warner Music Inc., of which Warner Bros. Records, Inc. is an affiliate

The Settlement refers collectively to these website-operating defendants and their corporate parents as the "Undertaking Parties." The Undertaking Parties would not pay money in the Settlement, but have agreed to take steps in the future that would enhance Class Members' and other consumers' online privacy. The Settlement, in exchange for those steps, would release claims that Class Members have against the Undertaking Parties and their subsidiaries and affiliates.

## C.  What Are the Lawsuits About?

Quantcast, Clearspring and VideoEgg provide services to many websites, including some owned or sponsored by the Undertaking Parties. Quantcast's, Clearspring's and VideoEgg's services include displaying advertisements to website visitors, analyzing website traffic, and providing technology that other companies can use to interact with consumers browsing the web. For consumers visiting a website, Quantcast, Clearspring and VideoEgg are considered "third parties" that provide services to the websites. Many of the websites are supported by advertising, and many of the websites' owners or sponsors monitor the number of unique visitors to their websites in order to assess the websites' popularity. Consumers who visit those websites are brought into direct contact with Quantcast, Clearspring and VideoEgg, even though (except to the extent that VideoEgg's advertisements are branded with VideoEgg's trademark) the consumers may not be aware of this.

Like many other online, third-party service providers, Quantcast and Clearspring store and read browser cookies on the computers of website visitors, as part of the process of serving advertisements and collecting information for web analytics. (VideoEgg does not use browser cookies.) Users who do not want third parties' cookies can set their browser controls to block them. Users also can delete third-party cookies after those cookies have been delivered to them.

Quantcast, Clearspring, and VideoEgg, like some other third-party service providers, used files called Adobe Flash Player local shared objects ("LSOs," also known as "Flash Cookies"). One use of LSOs is to control settings and the performance of the Flash Player software. Named Plaintiffs allege that Quantcast, Clearspring and VideoEgg stored LSOs on users' computers for the different purpose of collecting information from and about users. Named Plaintiffs also allege that, in some

cases, if users deleted third-party cookies, Quantcast and Clearspring used information stored in LSOs to recreate or "respawn" the information that had been stored in the deleted third-party browser cookies, and thereby violated certain laws. The defendants deny these allegations.

Class Counsel investigated their claims before commencing these lawsuits.  Each defendant provided Class Counsel with additional information.  VideoEgg, which denied ever having used LSOs in the manner addressed by the injunctive relief in this Settlement, demonstrated to Named Plaintiffs' satisfaction that VideoEgg has a good-faith basis for representing that it has not, at any time, employed LSOs in that manner.  Named Plaintiffs further believe that the injunctive relief component of this Settlement specifically addresses, with respect to all defendants, the threat of future harm to the class by conduct described in the Complaint.

The Lawsuits allege that defendants used LSOs to circumvent users' attempts to block or delete browser cookies and that the defendants did not provide adequate notice or choice about the use of LSOs on their websites and thereby violated Class Members' privacy rights. The Lawsuits allege that the defendants violated the following federal statutes, California statutes, and common-law legal rights: the Computer Fraud and Abuse Act, Title 18, United States Code 1030; the Electronic Communications Privacy Act, Title 18, United States Code, Section 2510; the Video Privacy Protection Act, Title 18, United States Code, Section 2710; the Computer Crime Law, California Penal Code, Section 502; the Invasion of Privacy Act, California Penal Code, Section 630; the Unfair Competition Law, California Business and Professions, Section 17200; the Consumer Legal Remedies Act, California Civil Code, Section 1750; the California Uniform Trade Secrets Act, California Civil Code, Section 3426; Trespass to Personal Property/Chattels; and Unjust Enrichment.

The defendants and the Undertaking Parties deny any and all wrongdoing.  The Court has not made any decision about whether any aspect of the Lawsuits would be resolved in favor of the plaintiffs or the defendants.  That the Court has ordered this Notice to be provided does not mean the Court has taken any position on the merits of the Lawsuits.  It means that the Court is willing to consider the Parties' request to conclude the Lawsuits by means of the Settlement.

## CLASS MEMBERSHIP

### A.  Who Is in the Class?

You are a Class Member if, at any time between June 1, 2008 and February 28, 2011, you used any web browsing program on any device to access any websites or online content controlled, operated or sponsored by the defendants or the Undertaking Parties, or any website employing any of Clearspring's or Quantcast's or VideoEgg's technologies involving the use of HTTP (browser) cookies or Adobe Flash LSOs, and if you do not affirmatively opt out of the Class as explained below.

### B.  How Do I Know if I Am a Class Member?

**Quantcast, Clearspring and VideoEgg represent that their technologies have been used on tens of millions of webpages.  For that reason, if you are a United States resident and you**

visited *any* website between June 1, 2008 and February 28, 2011, you are probably a Class Member.

You are certainly a Class Member if, during the Class Period, you had loaded onto your computer or device an Adobe Flash LSO file that:

- originated from *http://www.clearspring.com*
- is named *clearspring.sol*
- has a name that includes *–qca*
- has a name that includes *quantserve*
- has a name that includes admanager.sol

You also certainly are a Class Member if you visited any website operated or serviced by Demand Media, Inc., Hulu, LLC, JibJab Media, Inc., NBC Universal, Inc., News Corporation, Scribd, Inc., Viacom, Inc., The Walt Disney Company and Warner Music Inc., or any of their customers, subsidiaries or affiliates. These companies collectively operate or service thousands of websites, many of which show their affiliation with their parent companies.

Information about News Corporation's subsidiaries and affiliates can be found at http://www.newscorp.com/investor/download/10-K2010_Exhibit21.pdf.

Information about many of Viacom's affiliates can be found at http://www.sec.gov/Archives/edgar/data/1339947/000119312510028165/d10k.htm.

Information about many of the The Walt Disney Company's subsidiaries and affiliates can be found at http://sec.gov/Archives/edgar/data/1001039/000119312510268910/dex21.htm.

# THE SETTLEMENT

The Named Plaintiffs and their attorneys believe the Settlement is in the best interests of the Class. In addition, the Parties all believe the Settlement benefits Class Members as well as the defendants and Undertaking Parties by avoiding the uncertainties and costs of trials and, potentially, appeals.

The full terms of the Settlement are contained in a document entitled "Stipulation and Agreement of Settlement," which is on file with the Court, and which you can read at www.flashcookiesettlement.com.

## A.  What Does the Settlement Accomplish for the Class?

The Settlement, if the Court approves it, includes the following relief.

### What Quantcast, Clearspring and VideoEgg Will Do

Quantcast, Clearspring and VideoEgg agree, as part of the Settlement, that they do not presently, and will not in the future, employ LSOs to:

- "respawn" HTTP (browser) cookies;
- serve as an alternative to browser cookies for storing information about a user's web browsing history, unrelated to the delivery of content through the Flash Player or the performance of the Flash Player in delivering such content, without adequate disclosure; and/or

- otherwise counteract any computer user's decision to either prevent the use of or to delete previously created browser cookies.

## What the Other Defendants and Undertaking Parties Will Do

The Undertaking Parties have agreed that:

- They will request that rules that the online advertising industry has agreed to follow—specifically, the 2008 *Network Advertising Initiative Principles* (the "NAI Principles") and the Interactive Advertising Bureau's *Self Regulatory Principles for Online Behavioral Advertising*—be amended to (i) include express prohibitions on the use of LSOs or any similar technology to regenerate, without disclosure, browser cookies that a user affirmatively deleted; and (ii) include guidance to member firms that LSOs should not be used without disclosure as an alternative method to browser cookies for storing information about a user's web-browsing history across unaffiliated domains, unrelated to the delivery of content through the Flash Player software or the performance of the Flash Player in delivering such content. If an Undertaking Party has decision-making authority to implement these changes, it will use that authority.

- Each will, in its online Privacy Policy or an opt-out page clearly linked to it, maintain a link to one of several tools that exist or are in development to assist consumers in opting out of certain online behavioral advertising.

- Undertaking Parties that use LSOs themselves will clearly disclose that fact, provide a link from their Privacy Policies to a third-party tool allowing users to manage LSOs, and advise users if any aspect of their websites, widgets, or application components may not maintain its or their full user functionality unless the user's settings permit full acceptance of LSOs.

- Each will establish an email address or other online reporting mechanism to which members of the public can send any privacy-related concerns respecting the operation of the Undertaking Party's websites.

- These provisions will remain in effect until June 30, 2013. Full details about them can be found in Section 4 of the Settlement Agreement, which you can review at *www.flashcookiesettlement.com*.

## Monetary Relief

As part of the Settlement, Quantcast and Clearspring will create a Settlement Fund of $2.4 million, and VideoEgg will create a Settlement Fund of $825,000. Some of these Settlement Funds will be used to pay the costs of administering the settlement (primarily notice costs) and, if approved by the Court, to pay incentive awards of no more than $1,500 each to the ten Named Plaintiffs and an attorneys' fee of no more than $806,250 to Class Counsel. The majority of the Settlement Fund will be dedicated to "*cy pres*" relief—money that will be donated to Court-approved non-profit organizations to fund research, education or activities to promote consumer awareness and choice regarding the privacy, safety, and security of electronic information from and about consumers.

The Named Plaintiffs and their counsel have recommended that, if the Court approves the Settlement, the following organizations, all of which have demonstrated a nexus with the issues raised in the Litigation—particularly, research and education related to avoidance of future harm to consumers—should receive these funds.

- Carnegie Mellon University, Pittsburgh, Pennsylvania–CyLab Usable Privacy and Security Laboratory (CUPS); Center for Democracy and Technology (CDT), Washington, D.C.; Fordham Law School, New York, New York – Center on Law and

- Information Policy; University of California–Berkeley, California–to be split evenly between the School of Information, for research and/or education conducted and/or supervised by Professor Deirdre Mulligan and the School of Law, Center for Law & Technology; each would receive a $250,000 *cy pres* award and a *pro rata* distribution of any monies remaining in the Settlement Fund following initial distributions.

- Computer Freedom & Privacy Conference (CFP), New York, New York; Illinois Institute of Technology/Chicago-Kent Law School, Chicago, Illinois–Center for Information, Society and Policy; University of California–Hastings College of Law, San Francisco, California; University of Houston Law Center, Houston, Texas–Center for Consumer Law; *New York Law School (New York, New York) – Institute for Information Law and Policy; Stanford Law School (Stanford, California) – Center for Internet and Society;* and Vanderbilt University Law School, Nashville, Tennessee; each would receive a cy pres award of up to $100,000 to applicable special funds.

- International Association of Privacy Professionals (IAPP), Portsmouth, New Hampshire; The Privacy Projects, Nordland, Washington–Data Privacy Day; and Telecommunications Policy Research Conference (TPRC), Farnham, Virginia; each would receive a cy pres award of $50,000.

The defendants and the Undertaking Parties had no role in selecting these recipients.

## B.   What Do the Defendants Obtain from the Settlement?

In return for the defendants' and the Undertaking Parties' promises to alter their future conduct and Quantcast's and Clearspring's creation of the $2.4 million Settlement Fund, and VideoEgg's creation of an $825,000 Settlement Fund, the cases against Quantcast, Clearspring, VideoEgg, and the other defendants will be dismissed. Class Members will release the defendants and the Undertaking Parties from any and all liability arising out of or relating to the claims and allegations in the Lawsuits, meaning that no Class Member will be able to assert any of these claims against any Defendant or Undertaking Party.

With respect to Quantcast, Clearspring, and VideoEgg, this release extends to all websites that used those companies' technologies.  With respect to the Undertaking Parties, the releases further extend to other claims, including claims relating to any use of LSOs and similar technologies on websites owned and operated by them, and claims that they tracked users, shared their information, or displayed advertising to them without sufficient notice.

A full description of claims being released appears in Paragraph 1.22 and Section 5 of the Settlement Agreement, which you can review www.flashcookiesettlement.com.

# CLASS MEMBERS' OPTIONS

## A.   What Do I Give Up by Participating in the Settlement?

If you are a Class Member and do nothing, you will be deemed to have accepted the Settlement and any decisions of the Court with respect to the Settlement and the Lawsuits.  You will be represented by the Named Plaintiffs and their counsel for purposes of the Settlement.  You will not

be able to sue or be part of any other lawsuit against Quantcast, Clearspring, Videoegg, the Undertaking Parties, or other released entities regarding the legal issues in this case.

## B.  Who Represents Me and How Are They Paid?

The Named Plaintiffs filed the Lawsuits on behalf of themselves, as individuals, and on behalf of "all persons similarly situated"—that is, Class Members. To provide legal representation to the Class, the Court has appointed the attorneys that certain Named Plaintiffs hired, KamberLaw, LLC, as Class Counsel. The KamberLaw, LLC attorneys representing the Plaintiffs and Class Members in the Lawsuits are Scott A. Kamber and David A. Stampley.

Class Counsel have not yet received any payment from anyone for their services in bringing or prosecuting these Lawsuits, and they have not been reimbursed for their out-of-pocket expenses. If the Court approves the Settlement, Class Counsel will ask the Court to award them attorneys' fees and reimbursement of costs and expenses in a total amount not to exceed $806,250. This represents 25% of the $3.25 million Settlement Fund that defendants have agreed to create. When Class Counsel files this request, which they will do no later than April 15, 2011, you will able to review it, along with all supporting documentation Class Counsel provides, at the settlement website, www.flashcookiesettlement.com.

Class Counsel will also request that the Court authorize the payment of incentive awards of up to $1,500 each to the ten Named Plaintiffs.  These awards will serve as compensation for the Named Plaintiffs' time and effort representing Class Members in the Lawsuits.  If the Court agrees, these amounts will be paid from the Settlement Funds.

## C.  What if I Do Not Want to Participate in the Settlement?

If you do *not* want to remain a member of the Class and participate in the Settlement, then you may exclude yourself, or **opt out**, from the Class by mailing or delivering your written request (email is not permitted), to the Settlement Administrator:

Flash Cookie Settlement Claims Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177

**Your original, signed request for exclusion from the Quantcast/Clearspring settlement must be received on or before May 13, 2011.  Your original, signed request for exclusion from the VideoEgg settlement must be received on or before June 10, 2011.  You may, if you wish, opt out of both settlements in the same document, provided that document is received prior to May 13, 2011.**

## D. How Can I Comment in Support of or in Opposition to the Settlement?

### How to Object

If you are a Class Member and do not like any aspect of the Settlement, you have the right to object to it. You can object only if you do not exclude yourself (*i.e.,* opt out) from the Class.

**If you wish to object to the terms of the Settlement,** your written comments *must contain your name and address*, be *signed* by you, and include the reference:

- *In Re Quantcast Advertising Cookie Litigation*, Case No. 2:10-cv-05484-GW-JCG, and/or
- *In Re Clearspring Flash Cookie Litigation*, Case No. 2:10-cv-05948-GW-JCG, and/or
- *Davis, et al. v. VideoEgg, Inc.*, Case No. 2:10-cv-07112-GW-JCG

You may register your objection by sending it to the following address:

Flash Cookie Settlement Claims Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177

**Your objection to the Quantcast/Clearspring settlement must be <u>received</u> no later than May 13, 2011. Your objection to the VideoEgg settlement must be received on or before June 10, 2011. You may, if you wish, file an objection to both settlements in the same document, provided that document is received prior to June 10, 2011.**

If you do not comply with these procedures and deadlines for submitting objections, you will not be entitled to object or contest in any way the Settlement or the Court's decision on applications for attorneys fees and awards, and you will not be able to contest any other orders or judgments that the Court may enter in connection with the Settlement.

### How to Comment

If you decide to remain in the Class (*i.e.*, you do not opt out), and you want the Court to receive your comment in support of or in opposition to the Settlement or Class Counsel's fee application, you must follow the same procedure described above for lodging an objection (*i.e.,* by making sure your comment contains your name and address, is signed by you, includes a reference to the case about which you are writing, and is received no later than May 13, 2011, in the case of the Quantcast/Clearspring settlement, or June 10, 2011, in the case of the VideoEgg settlement. If you wish to comment on both settlements in the same document, your comment must be received prior to May 13, 2011).

## E. Can I Attend the Settlement Hearing? Do I Have to Attend?

The Court will hold a hearing on June 13, 2011 at 9:30 a.m., before the Honorable George H. Wu, United States District Judge for the Central District of California, 312 North Spring Street, Los Angeles, California 90012 to consider the Quantcast/Clearspring settlement. The Court will hold a hearing on July 18, 2011 at 9:30 a.m. to consider the VideoEgg settlement. The Court reserves the right to adjourn or continue either Settlement hearing to a different date, time or location without further notice to the Class, except for those who filed objections.

The purpose of the hearings will be to determine: (a) whether the Settlement should be approved as fair, reasonable and adequate; (b) whether the Court should certify a class comprising all Class Members for purposes of effecting the Settlement; (c) whether Class Counsel's Fee Application should be granted and in what amount; (d) whether the Named Plaintiffs should receive incentive awards and in what amount; and (e) whether the Lawsuits and Class Members' claims should be dismissed with prejudice pursuant to the Settlement.

*You are not required to attend the hearings in order to participate in the Settlement*, nor must you attend the hearing for the Court to consider your timely-filed objection or other written comment. Your objection or comment will be submitted to the Court as long as you follow the objection or comment procedures set forth above.

You may attend the Settlement hearings at your own expense if you wish. You also may hire an attorney, at your own expense, to represent you at the Settlement hearing. If you intend to appear and speak at the hearing, in person or through your own lawyer, you *must* provide your written statement of your intent to appear with your comment or objection, following the procedure described above.

## FOR OTHER DETAILS ABOUT THE SETTLEMENT

This Notice contains only a summary of certain provisions in the Settlement. The full terms and provisions of the Settlement are contained in the Settlement Agreement. A copy of the Settlement Agreement is on file with the Court and can be viewed, along with other documents relating to the Lawsuits, at the settlement website, www.flashcookiesettlement.com.  The Clerk of the Court, located at 312 North Spring Street, Los Angeles, California 90012, maintains files containing the Settlement Agreement and all other documents filed in the lawsuit. Copies of these documents are available for inspection and copying during the Court's normal business hours.

> *Do not contact Quantcast, Clearspring, VideoEgg or any other defendant or Undertaking Party about the Lawsuits, this Notice, or the Settlement.* They and their employees are not permitted to give you legal advice or answer your questions about the Lawsuits, this Notice, or the Settlement.
>
> *Do not telephone the Court about the Lawsuits, this Notice, or the Settlement.*
> To comment on or object to the Settlement, you must follow the procedures explained in Section D, above.

## COURT ORDER FOR PUBLICATION OF THIS NOTICE

Dated: _____          BY ORDER OF:

 

                                                      **George H. Wu**
                                                      **Judge Of The United States District Court**