# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IN RE QUANTCAST
ADVERTISING COOKIE LITIG.    ) No. **2:10-cv-05484-GW(JCGx)**
     )
     )

IN RE CLEARSPRING
FLASH COOKIE LITIG.    ) No. 2:10-cv-05948-GW(JCGx)
     )

## <u>HEARING ORDER</u>

Upon the motion of plaintiffs A.A., a minor, by and through her parent Guardian Ad Litem, Jose Aguirre; Jennifer Aguirre; Alan Bonebrake; Alejandro Godoy; Byron Griffith; J.H., a minor, by and through his parent, Guardian Ad Litem, Jeff Hall; R.H., a minor by and through her parent Guardian Ad Litem, Jeff Hall; Mary Huebner; Erica Intzekostas; Jose Marquez; Kira Miles; Toni Miles; Terrie J. Moore; Austin Muhs; David Rona; Brittany Sanchez; Edward Valdez; Gerardo Valdez; Kayla Valdez; and Brian White ("Plaintiffs") in the above-captioned class action lawsuits (the "Actions"), and defendants Quantcast Corporation ("Quantcast"); Clearspring Technologies, Inc. ("Clearspring"); American Broadcasting Companies, Inc.; Demand Media, Inc.; ESPN, Inc.; Fox Entertainment Group; Hulu, LLC; JibJab Media, Inc.; MTV Networks, a division of Viacom International Inc.; MySpace, Inc.; NBC Universal, Inc; Scribd, Inc.; Soapnet, LLC; Walt Disney Internet Group; and Warner Bros. Records Inc. ("Defendants," with Plaintiffs and Defendants collectively referred to herein as the "Parties"); with reference to the Settlement Agreement among the Parties, filed December 3, 2010 but subject to the definition stated in Section 8.1 of that

agreement, and exhibits thereto (the "Settlement Agreement"); and upon all prior proceedings conducted in these Actions, including hearings on December 16, 2010, January 13, 2011, January 24, 2011, February 28, 2011, and March 3, 2011, this Court hereby finds that reasonable cause exists to consider whether to approve the proposed settlement set forth in the Settlement Agreement (the "Settlement") and to conduct a hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine, *inter alia*: **(a)** whether the Settlement is fair, reasonable, and adequate, and whether it should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure; and **(b)** whether the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses and Plaintiffs' request for the payment of incentive awards should be granted,

**IT IS HEREBY ORDERED**, that:

1. The Court, for settlement purposes only, hereby conditionally certifies pursuant to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of all persons in the United States who, during the Class Period, used any web browsing program on any device to access one or more web sites or online content controlled, operated or sponsored by Defendants; Undertaking Parties News Corporation, Viacom Inc., The Walt Disney Company, or Warner Music Inc. or subsidiaries of affiliates thereof; or any other internet site employing any of Clearspring's or Quantcast's technologies involving the use of HTTP "cookies" ("Cookies") or local shared objects stored in Adobe Flash Media local storage ("LSOs").

2. The Court finds, with respect to the non-conduct-based portions of the Settlement Agreement (*i.e.,* all those except as stated in Section IV.G of the Settlement Agreement) that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the

named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     The Court finds, with respect to the conduct-based portions of the Settlement Agreement specified in Section IV.G, that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants allegedly have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final conduct-based relief or corresponding declaratory relief with respect to the class as a whole, if the Settlement Agreement receives final approval.

4.     A.A., a minor, by and through her parent Guardian Ad Litem, Jose Aguirre; Jennifer Aguirre; Alan Bonebrake; Alejandro Godoy; Byron Griffith; J.H., a minor, by and through his parent, Guardian Ad Litem, Jeff Hall; R.H., a minor by and through her parent Guardian Ad Litem, Jeff Hall; Mary Huebner; Erica Intzekostas; Jose Marquez; Kira Miles; Toni Miles; Terrie J. Moore; Austin Muhs; David Rona; Brittany Sanchez; Edward Valdez; Gerardo Valdez; Kayla Valdez; and Brian White, are appointed representatives of the Settlement Class.

5.     After considering the factors described in Rule 23(g)(1) and (g)(2) of the Federal Rules of Civil Procedure, the Court appoints Scott A. Kamber and David A. Stampley of KamberLaw, as Class Counsel.

6.      The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and, accordingly, the Court, pursuant to Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure, preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement.

7.      The Court sets a hearing to take place on June 13, 2011, at 9:30 a.m. before this Court, at the United States Courthouse for the Central District of California, 312 North Spring Street, Los Angeles, California, to hear all interested parties on whether: (*i*) the requirements for certification of the Settlement Class have been met; (*ii*) the proposed settlement of the Actions in accordance with the terms set forth in the Settlement Agreement, including as part of the settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses as well as any incentive awards to the Representative Plaintiffs, should be approved as fair, reasonable and adequate; and (*iii*) the Judgment approving the settlement and dismissing the Actions on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered (the "Fairness Hearing").  The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class (except those Settlement Class Members who file timely and valid objections).

8.      The Court approves the form of the Legal Notice of Proposed Class Action Settlement (the "Publication Notice"), substantially in the form of Exhibit A.2 annexed to the Settlement Agreement, and approves the Notice of Pendency of Class Action and Proposed Settlement (the "Longform Notice"), substantially in the form of Exhibit A.3, annexed to the Settlement Agreement.

9.    Non-substantive changes may be made to the Full Settlement Notice and/or the Summary Settlement Notice by agreement of the Parties, without further order of this Court.

10.    The Court directs that the Settlement Class be given notice of the proposed Settlement as follows: Summary Notice will be placed in Parade A, Newsweek, Information Week and ComputerWorld magazines. In addition, Internet advertisements using banner and text ads will be placed on the 25 websites that have the largest number of unique viewers per month on the Google Adwords network. A press release will also be distributed on PR Newswire's National Circuit to more than 5,800 traditional media sites and another 5,000+ online sites.

11.    The Court finds that such notice to the members of the Settlement Class as described above: **(a)** is the best notice practicable to members of the Settlement Class; **(b)** is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and the application by Representative Plaintiffs for an incentive award; **(c)** is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and **(d)** meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

12.    The Court directs Class Counsel and Defendant's counsel, on or before April 22, 2011, to file with the Court evidence that the provisions of paragraphs 9 and 10 of this Order have been satisfied.

13.     The Court directs that any person or entity who is a member of the Settlement Class and who wishes to exclude himself, herself, itself, or themselves from the Settlement Class shall, in writing, by letter postmarked on or before May 13, 2011, submit a request for exclusion that sets forth: **(a)** such person's or entity's name and address, or the name and address of the person or entity for which he, she or it is acting; and **(b)** a clear and unambiguous statement that such person or entity wishes to be excluded from the Settlement Class. Any person or entity who fails to timely and/or properly seek exclusion from the Settlement Class as provided herein, shall be deemed members of the Settlement Class for all purposes and shall be henceforth bound by all orders and/or judgments of this Court. An exclusion will be considered submitted if marked with a reference to In Re Quantcast Advertising Cookie Litigation, Case No. 2:10-cv-05484-GW-JCG, and/or In Re Clearspring Flash Cookie Litigation, Case No. 2:10-cv-05948-GW-JCG and mailed to the following**:** Flash Cookie Settlement Claims Administrator, c/o Rosenthal & Company LLC, P.O. Box 6177, Novato, California 94948-6177.  It shall be the class member's responsibility to ensure receipt of any exclusion by the Claims Administrator.

14.     Any person or entity who does not timely and/or properly seek exclusion from the Settlement Class may, solely at the expense of such person or entity, be heard personally or through counsel retained by such person or entity solely at the cost of such person or entity, on: (a) whether the Settlement is fair, reasonable, and adequate to Settlement Class members and whether the proposed Settlement should or should not be approved by the Court; and/or (b) the application of Class Counsel in the Actions for an award of attorneys' fees and/or reimbursement of expense should or should not be granted. Any Class Member who intends to object to this Settlement must include his/her name and address, include all arguments, citations, and evidence supporting the objection and that they are a member of the Class, and provide a statement

1   whether the objector intends to appear at the final fairness hearing, either with or

2   without counsel.  An objection will be considered submitted if marked with a

3   reference to In Re Quantcast Advertising Cookie Litigation, Case No. 2:10-cv-

4   05484-GW-JCG, and/or In Re Clearspring Flash Cookie Litigation, Case No.

5   2:10-cv-05948-GW-JCG and mailed to the following: Flash Cookie Settlement

6   Claims Administrator, c/o Rosenthal & Company LLC, P.O. Box 6177, Novato,

7   California 94948-6177.  It shall be the objector's responsibility to ensure receipt

8   of any objection by the Claims Administrator.

9           15.    The Parties shall, by April 15, 2011, file and serve all papers

10  in support of the application for final approval of the Settlement, including the

11  provision for payment of attorneys' fees, reimbursement of expenses and an

12  award of to Representative Plaintiffs.

13          16.    The Parties shall, by May 31, 2011, file and serve all papers

14  in response to any valid and timely objections received by the designated coun-

15  sel for the Parties identified in the Full Settlement Notice.

16          17.    Defendants' have provided the notices required by the Class

17  Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to,

18  the notices to the United States Department of Justice and to the Attorneys

19  General of all states in which Settlement Class members reside, as specified in

20  28 U.S.C. § 1715.

21          18.    Reference is made to (i) the 2008 Network Advertising Ini-

22  tiative Principles (the "NAI Principles"); and (ii) the "Self Regulatory Principles

23  for Online Behavioral Advertising" available at

24  http://www.iab.net/media/file/ven-principles-07-01-09.pdf (the "Self-Regulatory

25  Principles").

26          19.    No later than thirty (30) days after entry of this Order, the

27  Undertaking Parties shall send a request to at least one of the industry groups

28  charged with receiving comments to the Self-Regulatory Principles that those

1   Self-Regulatory Principles should be amended to include express prohibitions
2   on the use of LSOs, or any similar technology, to regenerate, without disclosure,
3   HTTP cookies that a user affirmatively deleted. Additionally, the Undertaking
4   Parties shall request that the Self-Regulatory Principles be amended to include
5   guidance to member firms that LSOs should not be used without disclosure as
6   an alternative method to HTTP cookies for storing information about a user's
7   web browsing history across unaffiliated domains, unrelated to the delivery of
8   content through the Flash Player or the performance of the Flash Player in
9   delivering such content. If an Undertaking Party is a member of the Network
10  Advertising Initiative, the Undertaking Party also shall inform the Network
11  Advertising Initiative of its preference that the NAI Principles be similarly
12  amended.

13          20.    Plaintiffs and all members of the Settlement Class and any
14  other person, representative, or entity acting on behalf of any members of the
15  Settlement Class are, until the Fairness Hearing, barred and enjoined from filing,
16  commencing, prosecuting, maintaining, intervening in, participating in (as
17  members of a class action or otherwise), any claim, lawsuit, arbitration, adminis-
18  trative, regulatory or other proceeding arising out of the Released Claims against
19  any of the Released Parties. The Court finds that issuance of this preliminary
20  injunction is necessary and appropriate in aid of the Court's jurisdiction over the
21  Actions and to protect and effectuate the Court's review of the Settlement.

22          21.    If for any reason, the Effective Date of the Settlement does
23  not occur, this Order shall become null and void, and shall be without prejudice
24  to the rights of the parties, all of whom shall be restored to their respective
25  positions as of December 8, 2010, except that any extensions of time granted
26  since that date by one Party to the other shall continue to have force and effect,
27  and neither Party shall seek an order of default against any other Party for ac-
28  tions not taken while approval of the Settlement was pending, and the Settle-

ment and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur.

22.    Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against any Defendant or Undertaking Party for any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaints in these Actions is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Actions or the defense to any Claim asserted in the Actions.

23.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: March 3, 2011          **SO ORDERED, ADJUDGED AND DECREED**

_____
George H. Wu
Judge Of The United States District Court