UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

-------------------------------------------------------------------- x

                                 :

                                 :

                                 :

                                 :

IN RE CLEARSPRING FLASH COOKIE LITIG.,    :   No. 2:10-cv-05948-GW

                                 :

IN RE QUANTCAST ADVERTISING COOKIE LITIG.  :   No. 2:10-cv-05484-GW

                                 :

                                 :

                                 :

                                 :

                                 :

-------------------------------------------------------------------- x

**DECLARATION OF JEFFREY S. JACOBSON, ESQ.
IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF THE PROPOSED CLASS ACTION SETTLEMENT**

1.      I am a member of the firm Debevoise & Plimpton LLP, counsel to defendants

American Broadcasting Companies, Inc.; ESPN, Inc.; Fox Entertainment Group, Inc.; Hulu,

LLC; JibJab Media, Inc.; MTV Networks, a division of Viacom International Inc.; MySpace,

Inc.; NBC Universal, Inc.; Scribd, Inc.; Soapnet, LLC; and Walt Disney Internet Group in the

above-captioned matters.  With the consent of all defendants, I submit this declaration in support

of Plaintiffs' agreed motion for final approval of the parties' proposed settlement.

2.      Plaintiffs filed the parties' Settlement Agreement and, pursuant to Federal Rule of

Civil Procedure 23(e), sought this Court's preliminary approval of it, on December 3, 2010.

3.      On December 9, 2010 — well within the 10-day period specified by 28 U.S.C.

§ 1715, I notified the Attorney General of the United States and the Attorneys General of all 50

states and the District of Columbia of the proposed settlement.  A true and correct copy of the

cover letter sent to each official, to which all defendants had consented in advance, is attached

hereto as Exhibit A.  (Exhibit A is a copy of the letter sent to the Attorney General of the United

States; the letters sent to each state official were identical except for the addressee information.) Each letter, with its attachments, was sent by Federal Express, and my firm obtained tracking information showing that all letters were delivered.

4.     After the parties' initial briefing, but before the Court granted preliminary approval to the settlement on March 3, 2011, the Court requested, and the parties submitted, supplemental briefing containing a more detailed description of the technologies at issue in the settlement.  Also, the Court suggested several changes to the parties' proposed forms of notice to the class, and plaintiffs' counsel submitted a proposed plan for distributing the settlement funds to worthy nonprofit organizations.  In light of these developments, the parties believed that federal and state authorities might appreciate receiving an updated notice containing this new information and the associated materials.

5.     For that reason, on March 7, 2011, with all parties' encouragement and consent, I dispatched the second letter attached hereto as Exhibit B.  (Again, Exhibit B is a copy of the letter sent to the Attorney General of the United States; the letters sent to each state official were identical except for the addressee information.)  Each letter, with its attachments, was sent by Federal Express, and my firm has tracking information showing that all letters were delivered.

6.     Section 4.20.1 of the Settlement Agreement further required the "Undertaking Parties," as that term is defined in the Settlement Agreement, to send a request to the Interactive Advertising Bureau ("IAB") seeking changes to the IAB's "Self Regulatory Principles for Online Behavioral Advertising."  The Settlement Agreement required the Undertaking Parties to send this letter no later than 30 days after the Court granted preliminary approval to the proposed settlement.  Attached hereto as Exhibit C is the letter I sent to the IAB, with all Undertaking Parties' consent and on their behalf, on March 30, 2011.

7.      I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
       April 22, 2011

                         ___ _/s/ **Jeffrey S. Jacobson**_____
                              Jeffrey S. Jacobson

# Exhibit A

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

Jeffrey S. Jacobson
Partner
Tel  212 909 6479
Fax  212 521 7479
jsjacobson@debevoise.com

December 9, 2010

BY FEDERAL EXPRESS

Eric Holder
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*In re Quantcast Advertising Cookie Litig*., No. 2:10-cv-5484-GW-JCG (C.D. Cal.);
*In re Clearspring Flash Cookie Litig.*, No. 2:10-cv-5948-GW-JCG (C.D. Cal.)
**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

Dear Attorney General Holder:

In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Quantcast Corporation ("Quantcast"); Clearspring Technologies, Inc. ("Clearspring"); American Broadcasting Companies, Inc.; Demand Media, Inc.; ESPN, Inc.; Fox Entertainment Group; Hulu, LLC; JibJab Media, Inc.; MTV Networks, a division of Viacom International Inc.; MySpace, Inc.; NBC Universal, Inc; Scribd, Inc.; Soapnet, LLC; Walt Disney Internet Group; and Warner Bros. Records Inc. (collectively, the "Defendants"),[1] hereby advise you of a proposed settlement that they have reached in the matters of *In Re Quantcast Advertising Cookie Litig*., No. 2:10-cv-05484-GW-JCG and *In Re Clearspring Flash Cookie Litig*., No. 2:10-cv-05948-GW-JCG (together, the "Actions"), both cases pending in the United States District Court for the Central District of California before the Honorable George Wu, who has deemed them related.

The Actions concern Quantcast's and Clearspring's alleged use of local shared objects stored in Adobe Flash Media local storage ("LSOs") to regenerate certain information stored in internet users' HTTP browser "cookies" after users deleted those cookies. Plaintiffs allege that Quantcast and Clearspring used these methods on many web pages, including those operated by the other Defendants in this matter. All Defendants deny any and all wrongdoing.

---

[1]    The undersigned does not represent all Defendants but is sending this letter on behalf of and with the express consent of all Defendants.

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

Enclosed, as required by CAFA, please find the following materials relating to this proposed settlement:

1.      The class action complaints on file in *Valdez, et al. v. Quantcast Corporation, et al.*, Case No. 2:10-cv-05484-GW (C.D. Cal.); *Aguirre v. Quantcast Corporation, et al.*, Case No. 2:10-cv-05716-GW (C.D. Cal.); *White, et al. v. Clearspring Technologies, Inc., et al.*, Case No. 2:10-cv-05948-GW (C.D. Cal.); *Intzekostas v. Fox Entertainment Group, et al.*, Case No. 2:10-cv-06586-GW (C.D. Cal.); *Godoy v. Quantcast Corporation*, Case No. 2:10-cv-07662-GW (C.D. Cal.); and *Rona v. Clearspring Technologies Inc.*, Case No. 2:10-cv-7786-GW (JCGx) (C.D. Cal.) — **stored as PDF files on enclosed CD-ROM**.

2.      Amended Complaints filed on December 3, 2010, in *In re Quantcast Advertising Cookie Litig.*, No. 2:10-cv-5484-GW (C.D. Cal.) and *In re Clearspring Flash Cookie Litig.*, No. 2:10-cv-5948-GW (C.D. Cal.) — the captions given to these cases by the District Court after consolidating them — **stored as PDF files on enclosed CD-ROM**.

3.      The Motion and Memorandum of Law in Support of Plaintiffs' Application for Preliminary Approval of the Class Action Settlement, as well as the supporting declaration of David Stampley, filed on December 3, 2010 — **attached in hard copy**.

The Settlement Agreement is Exhibit A to the enclosed Stampley Declaration. The proposed summary and full forms of notice to class members of the proposed settlement are, respectively, Exhibits A.2 and A.3 to the Settlement Agreement. Instructions to class members as to how they may request exclusion from the settlement class appear on pages 7-9 of the full notice (Exhibit A.3), and an outline of class members' options appear in the summary notice (Exhibit A.2). The District Court has not yet set a deadline for class members to exercise these options; when it does so, we will insert this date into the notices before publication.

CAFA requires Defendants to provide "a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement." 28 U.S.C. § 1715(b)(7)(B). In this case, however, Quantcast and Clearspring technologies are used on tens of millions of web pages, the other Defendants collectively operate thousands of websites, and these sites are visited by millions of United States residents who do not specifically identify themselves to Defendants. As shown in Exhibits A.2 and A.3, notices to Class Members will include information that (*i*) cookies deposited by Clearspring during the Class Period can be identified by an origin domain of "clearspring.com"; LSOs deposited by Clearspring

during the Class Period can be identified by an origin domain of "clearspring.com" and a filename of "clearspring.sol"; (*ii*) cookies and LSOs deposited by Quantcast during the Class Period can be identified either by a filename including the string "__qca" or the string "Quantserve"; and (*iii*) given the number of web pages that used Clearspring or Quantcast technology, the Class, accordingly, is comprised of substantially all internet users in the United States.  Although Defendants cannot state this with certainty, they believe that the percentage of members of the class is roughly proportionate to the state's share of the overall national population.

The settlement will not pay cash benefits to members of the Settlement Class.  The settlement would create a $2.4 million fund, paid by Quantcast and Clearspring, which, after payment of administrative expenses and such fee to Plaintiffs' counsel as the District Court may award (which Plaintiffs' counsel have agreed will not exceed 25% of the settlement fund), and any incentive payments to the named plaintiffs as the District Court may award, will be directed to charitable organizations selected by Plaintiffs' counsel and approved by the District Court.  Additionally, all Defendants agree as part of the settlement to adopt certain changes to their business practices, as explained in Section IV of the Settlement Agreement.

The District Court has scheduled a hearing on December 16, 2010 at 8:30 AM to determine whether to give preliminary approval to the settlement.  The District Court has not yet scheduled a Fairness Hearing.

\*     \*     \*

If you have any questions about this notice, please do not hesitate to contact me by phone at (212) 909-6479 or by email at jsjacobson@debevoise.com.

Respectfully submitted,

Jeffrey S. Jacobson

cc:    Plaintiffs' counsel

        Enclosures

# Exhibit B

# D E B E V O I S E  &  P L I M P T O N  LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

Jeffrey S. Jacobson
Partner
Tel  212 909 6479
Fax  212 521 7479
jsjacobson@debevoise.com

March 7, 2011

BY FEDERAL EXPRESS

The Honorable Eric Holder
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*In re Quantcast Advertising Cookie Litig.*, No. 2:10-cv-5484-GW-JCG (C.D. Cal.);
*In re Clearspring Flash Cookie Litig.*, No. 2:10-cv-5948-GW-JCG (C.D. Cal.)
**SECOND NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

Dear Attorney General Holder:

On December 9, 2010, in compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.  § 1715, I wrote on behalf of Quantcast Corporation ("Quantcast"); Clearspring Technologies, Inc. ("Clearspring"); American Broadcasting Companies, Inc.; Demand Media, Inc.; ESPN, Inc.; Fox Entertainment Group; Hulu, LLC; JibJab Media, Inc.; MTV Networks, a division of Viacom International Inc.; MySpace, Inc.; NBC Universal, Inc; Scribd, Inc.; Soapnet, LLC; Walt Disney Internet Group; and Warner Bros. Records Inc. (collectively, the "Defendants"),[1] to advise you of a proposed settlement in the matters of *In Re Quantcast Advertising Cookie Litig.*, No. 2:10-cv-05484-GW-JCG and *In Re Clearspring Flash Cookie Litig.*, No. 2:10-cv-05948-GW-JCG (together, the "Actions"), both cases pending in the United States District Court for the Central District of California before the Honorable George Wu, who has deemed them related.

The Actions concern Quantcast's and Clearspring's alleged use of local shared objects stored in Adobe Flash Media local storage ("LSOs") to regenerate certain information stored in internet users' HTTP browser "cookies" after users deleted those cookies.  Plaintiffs allege that Quantcast and Clearspring used these methods on many web pages, including those operated by the other Defendants in this matter.  All Defendants deny any and all wrongdoing.

---

[1]     The undersigned does not represent all Defendants but is sending this letter on behalf of and with the express consent of all Defendants.

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

Judge Wu granted preliminary approval to the proposed settlement on March 3, 2011, after (1) requiring the parties to submit additional information about the technologies involved, and (2) directing the parties to make several changes to the proposed forms of notice and to the notice plan. Judge Wu has scheduled the Fairness Hearing in the case for June 13, 2011, at 9:30 AM. To assist in your review of the proposed settlement, I herewith enclose copies of:

1.      The joint brief the parties submitted on January 7, 2011, explaining the technologies at issue and how and when defendants Quantcast and Clearspring used those technologies;

2.      The forms of notice as they will be published and made available on the settlement website (www.flashcookiesettlement.com);

3.      A letter Plaintiffs' counsel submitted to Judge Wu on January 20, 2011, listing the proposed recipients of settlement funds; and

4.      The Hearing Order entered by Judge Wu on March 3, 2011.

*       *       *

If you have any questions about this notice, please do not hesitate to contact me by phone at (212) 909-6479 or by email at jsjacobson@debevoise.com.

Respectfully submitted,

Jeffrey S. Jacobson

cc:     Plaintiffs' counsel

        Enclosures

2

# Exhibit C

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

Jeffrey S. Jacobson
Partner
Tel  212 909 6479
Fax  212 521 7479
jsjacobson@debevoise.com

March 30, 2011

<u>BY HAND DELIVERY</u>

Randall Rothenberg
President & Chief Executive Officer
Interactive Advertising Bureau
116 East 27th Street, 7th Floor
New York, New York 10016

**Suggested Revisions to Self-Regulatory Principles**

Dear Mr. Rothenberg:

This firm represents American Broadcasting Companies, Inc.; ESPN, Inc.; Fox Entertainment Group, Inc.; Hulu, LLC; JibJab Media, Inc.; MTV Networks, a division of Viacom International Inc.; MySpace, Inc.; NBC Universal, Inc.; Scribd, Inc.; Soapnet, LLC; and Walt Disney Internet Group.  We write, also, on behalf and with the consent of News Corporation; Viacom Inc.; and The Walt Disney Company, which are affiliated with our clients; as well as Demand Media, Inc. and Warner Music Inc., which are represented by other counsel.  All of these entities, pursuant to a proposed class action settlement in the matters of *In re Clearspring Flash Cookie Litigation*, No. 2:10-cv-05948-GW-JCG, and *In re Quantcast Advertising Cookie Litigation*, No. 2:10-cv-05484-GW-JCG, both pending before the Honorable George Wu, United States District Judge for the Central District of California, respectfully request that IAB change its Self-Regulatory Principles for Online Behavioral Advertising, as follows:

<u>First</u>, we request that the Principles be amended to include express prohibitions on the use of Adobe Flash Player "local shared objects" (otherwise known as "LSOs"), or any similar technology, to regenerate, without disclosure, HTTP cookies that a user affirmatively has deleted.

<u>Second</u>, we request that the Principles be amended to include guidance to member firms that LSOs should not be used without disclosure as an alternative method to HTTP cookies for storing information about a user's web browsing history across unaffiliated domains, unrelated to the delivery of content through the Flash Player or the performance of the Flash Player in delivering such content.

As further background to you in considering these requests, I am enclosing copies of the amended complaints in the two lawsuits referenced above and the settlement agreement pursuant to which we are making these requests.

We appreciate your consideration.

Very truly yours,

Jeffrey S. Jacobson

cc:    Scott Kamber, Class Counsel
Ian Ballon, Greenberg Traurig LLP, counsel to Demand Media, Inc.
Sherman Kahn, Morrison & Foerster LLP, counsel to Warner Music Inc.